IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JARVIS POSTLEWAITE, #R-25461, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>STEVEN B. DUNCAN, )<br>SALVADOR GODINEZ, )<br>COUNSELOR WILLIAMS, )<br>COUNSELOR RAY,[1] )<br>and INTERNAL AFFAIRS, )<br>)<br>Defendants. ) | Case No. 14-cv-01312-JPG |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Before the Court for consideration is Plaintiff Jarvis Postlewaite's first amended complaint, which he filed pursuant to 42 U.S.C. § 1983 (Doc. 7).[2] In it, Plaintiff asserts several Eighth and Fourteenth Amendment claims against officials at Lawrence Correctional Center ("Lawrence") for allegedly failing to protect him from inmate assaults. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

---

[1] Although Plaintiff does not list this individual among the Defendants, he includes Counselor Ray in the statement of his claim. Therefore, the Clerk shall be directed to add this individual as a Defendant on the docket sheet in CM/ECF.

[2] This action was severed from a case that Plaintiff Postlewaite filed with Dameon Cole on November 17, 2014. *See Postlewaite v. Davis, et al.*, Case No. 14-cv-01281-JPG-PMF (S.D. Ill. 2014) ("original action"). Together, they filed a "Petition for Preliminary Injunction Relief and to Show Cause for a Temporary Restraining Order" (Doc. 1, original action), which the Court construed as a complaint. Plaintiff Postlewaite and Dameon Cole asserted unrelated claims against different defendants. Therefore, in an order dated November 25, 2014 ("severance order"), the Court severed two of Plaintiff Postlewaite's claims (Counts 1 and 2, original action) and five of Dameon Cole's claims (Counts 6, 7, 8, 9, and 10, original action) into seven separate actions (Doc. 1). Both litigants were instructed to file an amended complaint in each of his or her cases by December 30, 2014. Plaintiff Postlewaite timely filed his first amended complaint (Doc. 7) in this action.

Plaintiff also filed a motion to submit new evidence (Doc. 11) on February 13, 2015. The new evidence includes grievances and letters that he allegedly filed in December 2014 and February 2015 (Doc. 11, p. 1). Because the first amended complaint has not yet undergone preliminary review under 28 U.S.C. § 1915A and in order to prevent further delay, Plaintiff's motion to submit new evidence shall be granted. *See* FED. R. CIV. P. 15(a)(1). The Clerk shall be directed to file the proposed exhibits in CM/ECF. Document 11 and the new exhibits will be construed together with the first amended complaint.

## Merits Review Under 28 U.S.C. § 1915A

The first amended complaint (Doc. 7) is now ripe for review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual

allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The pleading fails to pass muster under this standard and shall be dismissed.

## First Amended Complaint

According to the first amended complaint, Plaintiff was assaulted on or around May 1, 2014, by several inmates at Lawrence (Doc. 7, p. 4). The assault occurred shortly after Plaintiff refused to disclose information to Lawrence officials about a planned attack on a prison guard. As Plaintiff walked in line to Housing Unit 8, security threat group members beat him in the head and yelled, "Your (sic) a [d]ead man for telling the police on us b*tch" (Doc. 7, p. 4). When Plaintiff ran to the front of the line to report the incident, prison officials, who are not named as Defendants in this action, told him to "fight or get back in line" (*Id*.).

Instead, Plaintiff wrote an emergency grievance to Lawrence's warden, Steven Duncan, when he returned to his cell (Doc. 7, pp. 5-6). In the grievance, he asked for a transfer out of Housing Unit 8, where inmates with gang affiliations were threatening his safety (Doc. 7, pp. 11, 13). He stated that he wanted to "avoid" an assault. Plaintiff explained that he had no problems with gang members in Housing Unit 1 or Housing Unit 7A. However, gang members in Housing Unit 8 would "provoke [Plaintiff] to react in a violent manner" (Doc. 7, p. 12). Warden Duncan determined that the grievance presented no emergency on May 8, 2014, and directed Plaintiff to submit the grievance to a counselor in the normal manner (Doc. 7, pp. 5, 11). This was outside

of the 72-hour window normally allowed for responses to emergency grievances by the Illinois Department of Corrections ("IDOC") regulations and policies.

Plaintiff instead sent the grievance to Salvador Godinez, who is the IDOC director and the Administrative Review Board chief (Doc. 7, p. 5). Director Godinez did not respond to the grievance. Plaintiff received a response from a counselor instead.

At some point before May 29, 2014, Plaintiff was also interviewed by Internal Affairs (Doc. 7, pp. 7, 14). During the interview, Plaintiff informed Internal Affairs that he was assaulted on the same day as the planned assault of the prison guard (Doc. 7, p. 7). Plaintiff reported that his perpetrators were members of Latin and African American security threat groups at Lawrence. In addition to assaulting Plaintiff, they threatened to kill him. When Internal Affairs asked Plaintiff for the identities of his perpetrators, Plaintiff requested protective custody before revealing this information. His request was denied, so he refused to divulge the names of his perpetrators.

Following this interview, Plaintiff was moved from Housing Unit 8 to Housing Unit 7. The first amended complaint does not reveal when this move occurred. However, only two weeks later, one of Plaintiff's attackers moved into the same housing unit. Plaintiff was subsequently assaulted by seven members of security threat groups (Doc. 7, p. 7). The complaint provides no details regarding this assault, and no grievances attached to the complaint mention the assault. The more recent grievances and letters that Plaintiff filed with Document 11 allude to Plaintiff's assault(s) for the first time and also indicate that he is in segregation[3] (Doc. 11).

---

[3] In these exhibits, Plaintiff also mentions a number of issues that are beyond the scope of this lawsuit, including medical claims, conditions of confinement claims, discrimination claims, and retaliation claims, among others. Should he wish to pursue any of these claims, he must file a separate lawsuit and incur an additional filing fee after first exhausting his administrative remedies with respect to each claim.

Around August 13, 2014, Plaintiff submitted a grievance[4] to Counselor Williams in Housing Unit 7 (Doc. 7, pp. 17-18).  In the grievance, which was filed along with the first amended complaint, Plaintiff clearly seeks protective custody.  However, the grievance fails to mention a single inmate assault.  Instead, Plaintiff complains of staff retaliation.  This retaliation allegedly took the form of mail interference, exposure to "harsh conditions," racial discrimination, poor medical care, a lack of school programming, denial of hygiene products, and a failure to address "threats and intimidation" by gang members (Doc. 7, p. 18).  The first amended complaint does not address these claims.  Rather than granting Plaintiff the relief he requested, i.e., protective custody and a prison transfer, Counselor Williams wrote "[d]uplicate grievance" on the grievance form and returned it to Plaintiff.

The first amended complaint alleges that another grievance counselor, whom he refers to as Counselor Ray, also failed to process his grievances (Doc. 7, p. 8).  This individual was named as a defendant in another action that Plaintiff filed.

Plaintiff now sues Warden Duncan, Director Godinez, Counselor Williams, and Internal Affairs for failing to protect him from inmate assaults, in violation of the Eighth Amendment.  He also sues these same Defendants for procedural due process violations associated with the alleged mishandling of his grievances, in violation of the Fourteenth Amendment.  Counselor Ray is also mentioned in the first amended complaint in connection with these claims and shall be added as a Defendant in this action.  Plaintiff seeks monetary damages, declaratory judgment, and injunctive relief,[5] including a prison transfer to Dixon Correctional Center for mental health treatment (Doc. 7, p. 9).

---

[4] Because Plaintiff neglected to include relevant dates in the first amended complaint, it is not clear whether he submitted this grievance before or after his assault in Housing Unit 7.

[5] The Court denied Plaintiff's request for a temporary restraining order in a text order that was entered on December 22, 2014 (Doc. 9).

Pursuant to the severance order, the amended pleading in this action is supposed to focus on a single claim, i.e., Plaintiff Postlewaite's claim against Warden Duncan for failing to protect him from inmate assaults arising from his lack of hygiene, in violation of the Eighth Amendment, by denying his emergency grievances seeking protective custody (Count 2, original action). Without seeking leave of the Court to do so, Plaintiff has expanded the scope of this action to include Eighth and Fourteenth Amendment claims against Warden Duncan and three additional defendants (Director Godinez, Counselor Williams, and Internal Affairs) for denying Plaintiff's requests for protective custody and for mishandling his grievances. He also names Counselor Ray in connection with these claims. None of his claims survive preliminary review and shall be dismissed.

## Discussion

**Count 1 – Eighth Amendment Failure to Protect Claim**

The first amended complaint states no Eighth Amendment failure to protect claim (**Count 1**) against Warden Duncan, Director Godinez, Counselor Williams, Counselor Ray, or Internal Affairs. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* does not apply to Section 1983 actions. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

Relevant to Plaintiff's failure to protect claim, the Seventh Circuit has held that "failure to provide protection constitutes an Eighth Amendment violation only if deliberate indifference by prison officials to a prisoner's welfare 'effectively condones the attack by allowing it to

happen.'" *Santiago v Walls*, 599 F.3d 749, 757 (7th Cir. 2010) (citing *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997)).  To state a claim, Plaintiff must allege facts sufficient to show "that the defendant . . . had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it."  *Id*. (citation and quotation marks omitted).

**A.     Warden Duncan**

Warden Duncan's involvement in this matter is limited to his classification of Plaintiff's emergency grievance, dated May 1, 2014, as a non-emergency.  The Court specifically finds that Warden Duncan did not exhibit deliberate indifference to Plaintiff's health or safety when making this decision.  A copy of the grievance was filed along with the complaint, and it quite clearly does not support Plaintiff's claim (Doc. 7, p. 11).  *See Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) ("To the extent that an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence.").  More recent grievances addressed to Warden Duncan do not alter the Court's analysis of this issue.

Significantly, the May 2014 grievance does not mention the assault that happened the same day, despite Plaintiff's allegation that he filed it immediately *after* being assaulted.  Instead, Plaintiff reveals his history of "issues" with gang members, who have routinely tried to recruit him to join their gangs at Stateville Correctional Center.  He vaguely alludes to "having issues" with gang members in Housing Unit 8 at Lawrence, but provides no specific examples (Doc. 7, p. 11).  Tellingly, Plaintiff complains about gang members "saying something to *provoke [him]* to react in a violent manner" on his way to dietary (Doc. 7, p. 12) (emphasis added).  However, he does not indicate, or intimate, that he was attacked.

Plaintiff asks for a transfer, in order to "av[oi]d a[n] assault," and indicates that he has never had problems in Housing Unit 1 or 7A.  The pleading reveals that he was then transferred to Housing Unit 7 (Doc. 7, p. 7).  More recently, he has been placed in segregation (Doc. 11).

Under the circumstances, the first amended complaint does not suggest that Warden Duncan was on notice of a past or impending assault or responded to a known risk of assault with deliberate indifference.  Warden Duncan's delay of one week in responding to the emergency grievance does not amount to deliberate indifference under the circumstances presented in this case.  Count 1 shall be dismissed without prejudice against Warden Duncan.

**B.     Director Godinez**

No failure to protect claim has been stated against Director Godinez.  This same claim was previously dismissed without prejudice in the original action (Count 3, original action) (Doc. 1, pp. 5-6).  The first amended complaint indicates that Plaintiff addressed his grievance to Director Godinez, but a counselor responded to it.  Standing alone, failing to respond to a grievance does not violate Plaintiff's constitutional rights.  In order to be individually liable, Director Godinez must be "personally responsible for the deprivation of the constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  The first amended complaint does not suggest that Director Godinez had any knowledge of Plaintiff's need for protective custody or any involvement in a decision to deny it.

And although the doctrine of *respondeat superior* is not applicable to Section 1983 actions, "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d at

651.  *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).  No policy or practice attributable to Director Godinez, or any other defendant for that matter, is alleged to have resulted in Plaintiff's assaults.  Accordingly, Count 1 shall be dismissed with prejudice against Director Godinez.

**C.     Counselors Williams and Ray**

Likewise, no failure to protect claim has been stated against Counselor Williams, who is named as a defendant in this action, or Counselor Ray, who is mentioned in the statement of claim (Doc. 7, p. 8).  Plaintiff alleges that both counselors refused to process his grievances (Doc. 7, pp. 3, 8).  In response to his grievance dated August 13, 2014, Counselor Williams wrote "duplicate grievance" on the form and returned it to Plaintiff (Doc. 7, pp. 3, 17-18).  Plaintiff separately alleges that Counselor Ray also refused to process grievances and, for that reason, is named in another lawsuit that Plaintiff previously filed (Doc. 7, p. 8).

As the Court already explained above, the failure to respond to a grievance, without more, does not give rise to a failure to protect claim.  The pleading must at least suggest that Counselor Williams or Counselor Ray is "personally responsible for the deprivation of the constitutional right."  *Sanville v. McCaughtry*, 266 F.3d at 740 (quoting *Chavez v. Illinois State Police*, 251 F.3d at 651).  Neither the first amended complaint nor the new evidence suggests that either counselor caused a constitutional deprivation.

The grievance that Plaintiff addressed to Counselor Williams does not mention any assaults on Plaintiff by members of the security threat groups.  The focus of that grievance is on complaints of staff retaliation, in the form of mail interference, "harsh conditions," racial

discrimination, poor medical care, a lack of school programming, and a failure to address gang threats and intimidation[6] (Doc. 7, pp. 17-18).  Without more, no failure to protect claim arises against Counselor Williams, who appears to have no knowledge of a known risk of assault.

Further, no claim is stated against Counselor Ray.  This individual is merely mentioned in the statement of claim, based on his refusal to process grievances addressing retaliation, discrimination, and poor medical care.  No claim is stated against him.  Neither the allegations in the pleading nor the information in the grievances suggest that Counselor Ray knew of a specific risk of an inmate assault on Plaintiff and disregarded that risk.  Further, the vague references to retaliation, mail interference, harsh conditions, discrimination, and poor medical care in the pleading and exhibits offer insufficient support for any other claim against Counselor Ray, or anyone else, under the *Twombly* pleading standards.

For the reasons set forth herein, Count 1 shall be dismissed with prejudice against Counselors Williams and Ray.

### D.    Internal Affairs

Finally, the first amended complaint states no claim against Internal Affairs,[7] as a group, or any individual officer.  At Plaintiff's request, Internal Affairs investigated his request for protective custody, based on his experience with the security threat group members (Doc. 7, p. 7).  Although he was allegedly denied protective custody when he declined to identify his

---

[6] The mere mention of gang threats and intimidation in the general terms used in this grievance does not put Counselor Williams on notice of a specific threat by a particular gang member against Plaintiff. It falls far short of putting Counselor Williams on notice of an actual assault that already occurred.

[7] "Internal Affairs" is not a "person" who is subject to suit under Section 1983.  Neither a prison itself nor an administrative department within a prison (such as Internal Affairs) may be sued for damages under Section 1983.  The Eleventh Amendment prevents suit in federal court against a state or its agencies, such as the Department of Corrections or its prisons.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). However, Plaintiff may seek damages against the individual members of the department who allegedly deprived him of protection.  Therefore, the Court considers the claim in light of this fact.  Were the claim to proceed, the Court would add as-yet-unidentified individuals (e.g., Jane/John Doe) as the defendants until Plaintiff identified these individuals with specificity.

perpetrators, Plaintiff was nevertheless moved out of Housing Unit 8. Moreover, he was relocated to Housing Unit 7, where he previously indicated that he had no problems with gang threats or violence. This transfer of Plaintiff -- to the housing unit of his choice, no less -- certainly does not support Plaintiff's claim against Internal Affairs for failing to protect Plaintiff.

The fact that Plaintiff was later assaulted in Housing Unit 7 by an inmate who was transferred there from Housing Unit 8 does give Plaintiff some traction with this claim. Had Plaintiff identified the inmate during his interview with Internal Affairs, his claim might have gained more traction. However, he did not. By all indications, Internal Affairs did not know the identity of the perpetrators. In addition, the first amended complaint does not allege that Internal Affairs played any role in transferring the perpetrator from Housing Unit 8 to Housing Unit 7. Finally, Plaintiff has since been moved into segregation (Doc. 11). Without more, this claim fails and shall be dismissed with prejudice against Internal Affairs.

In summary, **Count 1** shall be dismissed without prejudice against Warden Duncan and dismissed with prejudice against Director Godinez, Counselor Williams, Counselor Ray, and Internal Affairs.

**Count 2 – Fourteenth Amendment Due Process Claim**

The first amended complaint articulates no viable Fourteenth Amendment procedural due process claim (**Count 2**) against Defendants for mishandling, delaying, or denying Plaintiff's grievances. The Seventh Circuit has made it clear that "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all. Therefore, the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d

1091, 1100-01 (7th Cir. 1982).  Because Defendants had no constitutional duty to follow the prison's grievance procedure, their alleged failure to do so does not give rise to a due process claim.  Accordingly, **Count 2** shall be dismissed with prejudice against Warden Duncan, Director Godinez, Counselor Williams, Counselor Ray, and Internal Affairs.

### Pending Motion

Plaintiff's motion to submit new evidence (Doc. 11) is hereby **GRANTED**.

### Disposition

The Clerk is hereby **DIRECTED** to **ADD COUNSELOR RAY** as a Defendant on the docket sheet in CM/ECF.

The Clerk is also **DIRECTED** to **FILE** the proposed exhibits to Document 11 in CM/ECF.

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that Defendant **STEVEN DUNCAN** is hereby **DISMISSED** without prejudice from this action.  Defendants **SALVADOR GODINEZ, COUNSELOR WILLIAMS, COUNSELOR RAY,** and **INTERNAL AFFAIRS** are **DISMISSED** with prejudice.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  A dismissal without prejudice may count as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim.  *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 811 (7th Cir. 1998).

Further, because two of Plaintiff's previously-filed lawsuits[8] have also been dismissed pursuant to § 1915A for failure to state a claim upon which relief may be granted, the dismissal of this case gives Plaintiff his third "strike." Accordingly, if Plaintiff seeks to file any future civil action *while he is a prisoner*, he will no longer be eligible to pay a filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit. However, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, and the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d at 467. Should Plaintiff fail to comply with his fee payment obligation, he may be barred from filing future actions in this Court.

If Plaintiff wishes to appeal the dismissal of this case, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. If the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.[9] FED. R. APP. P. 4(a)(4).

---

[8] *Postlewaite v. Godinez, et al.*, No. 13-cv-6376 (N.D. Ill., filed Sept. 5, 2013) (strike 1, dismissed Nov. 5, 2013, for failure to state a claim upon which relief may be granted); *Postlewaite v. Godinez, et al.*, No. 14-cv-501 (S.D. Ill., filed April 29, 2014) (strike 2, dismissed June 26, 2014, for failure to state a claim upon which relief may be granted).

[9] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: February 20, 2015**

*s/J. Phil Gilbert*
**United States District Judge**
